# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JONATHAN M. SCROCCO,**
an individual,

      **Plaintiff,**

**v.**                                                  **Case No. 8:18-cv-1163-T-36AAS**

**CITY OF HOLMES BEACH, a municipal
corporation, and ALAN BORES, an
individual and Holmes Beach Police
Officer,**

      **Defendants.**

_____/

## ORDER

The City of Holmes Beach and Officer Alan Bores request the court set aside the clerk's entry of default against them. (Doc. 21). Jonathan M. Scrocco did not respond to the defendants' motion and the time for doing so has passed.[1]

Scrocco initiated this action on May 14, 2018, and the clerk issued summonses the same day. (Docs. 1, 2). Scrocco thereafter filed returns of service. (Doc. 6, 7). Because the defendants failed to plead or otherwise defend this action, the clerk entered defaults under Federal Rule of Civil Procedure 55(a). (Docs. 9, 10).

---

[1] Under Local Rule 3.01(b), a party who opposes a motion has fourteen days to respond. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted).

On December 3, 2018, the court issued an order directing Scrocco to show cause why the action should not be dismissed for want of prosecution. (Doc. 13). In response, Scrocco moved for default judgment. (Doc. 14).

According to the defendants' motion and the attached affidavits, the defendants learned of this action on June 7, 2019. (Doc. 21, Exs. 1, 2). Although service on Officer Bores appears proper, he has no recollection of being served and was not in the City of Holmes Beach at the time of the alleged service. (*Id.*, Ex. 4). Similarly, former mayor Robert Johnson has no recollection of being served. (*Id.*, Ex. 3). The defendants assert that an inadvertent administrative oversight may have led to their unawareness of this action. (*See Id.*, Exs. 5, 6).

A court may set aside entry of a clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v.* Harell, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, (M.D. Fla. June 4, 2010).

The defendants' failure to timely respond to the complaint is neither willful nor constitutes a reckless disregard for the judicial process. Setting aside the defaults would not prejudice Scrocco because the action has pended slightly over a year with

minimal prosecution. Accordingly, good cause exists to set aside the clerk's default against the defendants.

For these reasons, it is **ORDERED**:

(1)     The Motion to Set Aside Clerk's Default (Doc. 21) is **GRANTED**.

(2)     The Motion for Default Judgment (Doc. 14) is **DENIED AS MOOT**.

**ENTERED** in Tampa, Florida on June 25, 2019.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge